# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## (Baltimore Division)

| | |
|---|---|
| IN RE: } | |
| RENEE LOUISE MCCRAY } | Case No. 13-26131 |
| Debtor(s) } | Chapter 7 |
| Plaintiff(s) } | |
| RENEE LOUISE MCCRAY } | Adversary No. 13-00710 |
| vs. } | |
| WELLS FARGO BANK N.A. } | Judge Nancy V. Alquist |
| and } | |
| JOHN DOES 1-20 } | |
| Defendants } | |

## AFFIDAVIT FOR THE RECORD
## APRIL 24, 2014 DEPOSITION HEARING INCIDENT

**THIS DAY**, personally appeared before me, the undersigned, Renee L. McCray, who duly affirms, deposes and declares that the statements made herein, are true and correct to the best of her knowledge, and not meant to mislead and says:

## STATEMENT OF FACTS

Affiant declares first hand eye witness knowledge of the following facts:

1. On Thursday, April 24, 2014 Affiant attended a Deposition Hearing at the Law Offices of Treanor Pope & Hughes, P.A., located at 500 York Road, Towson, Maryland 21204. The deposition was scheduled for 2:00 p.m. Affiant arrived approximately 1:50 p.m.

2. Upon Affiant's arrival, Scott Pickering, Videography Specialist for Merrill Lad, Robert Hillman, Attorney, Samuel I. White, P.C. and Michael Barranco, Attorney, Treanor Pope & Hughes, P.A. were already in attendance. Barbara A. Conner, RPR, Merrill Lad arrived later.

3. Before the deposition, Affiant asked Mr. Barranco if Affiant could receive a copy of the deposition. Mr. Barranco stated Affiant would not receive a copy without a charge and to

1



talk with Mr. Pickering and Ms. Conner regarding the fee. Affiant asked if Mr. Barranco would mind if Affiant could record the hearing. Mr. Barranco stated he did not object.

4. During the deposition, Affiant was presented again with what was purported to be the original promissory note. Affiant examined the note again wearing gloves.

5. The document appeared to have been the same document Affiant examined at the March 20, 2014 Relief from Stay Hearing.

6. Affiant noticed the folder the document came from appeared to have been what could be a collateral file. Affiant asked to examine the file, Mr. Barranco allowed Affiant to examine the file. After examining the file, Affiant asked if it was the collateral file. Mr. Barranco did not respond to Affiant's question. Affiant stated to Mr. Barranco "if this is the collateral file where is the original Deed of Trust?" Mr. Barranco again ignored Affiant's question and did not respond. Affiant observed there was no original Deed of Trust in the file nor was there a copy of the Deed of Trust Affiant executed on October 7, 2005.

7. Mr. Barranco agreed to give Affiant a copy of the note along with a copy of the folder and copies of the documents in the folder.

8. Several times off the record, Mr. Barranco and Mr. Hillman would leave the conference area and go to another room.

9. At the end of the deposition, Mr. Barranco and Mr. Hillman stated we would now make a copy of the file together. Affiant followed Mr. Barranco into the copy room. Mr. Hillman was behind Affiant when leaving the conference room. He did not follow Affiant and Mr. Barranco immediately into the copy room. Instead he arrived several minutes later with the folder.

10. As Mr. Barranco asked Mr. Hillman for the note so he could copy it, Affiant noticed the last page of the note had a piece missing from the top left corner the size of a fifty-cent piece. Affiant stated, "That's not the same document. That last page was not ripped." Mr. Barranco and Mr. Hillman responded, "it was ripped." At that time Affiant became angry and upset because Affiant examined the document an hour early and the missing piece on the top left corner, which is very noticeable, was not missing from the top of the page when Affiant examined it earlier.

11. A confrontation pursued between the parties. Affiant realized something was not right and immediately began recording the confrontation. Both Mr. Barranco and Mr. Hillman knew Affiant was recording the confrontation. When Affiant stated she was going to report this to the Judge, Mr. Barranco stated, "…bring it up with the Judge I guess she'll take your word over the word of two officers of the court." Affiant stated, "I guess they [meaning the judge] will since he [gesturing toward Mr. Hillman] puts fraud into the court, I guess they will."

12. Affiant made the above statement because Mr. Hillman is the same attorney in Affiant's federal lawsuit McCray v. Federal Home Loan Mortgage Corporation, et al., Case Number GLR-13-CV-1518 where Affiant reported Mr. Hillman for placing a false/fabricated document into the case. Affiant motioned the court to strike the document and requested sanctions. In his Memorandum and Opinion, Judge George L. Russell, III glossed over the seriousness of Affiant's allegation and did not investigate Affiant's allegation further.

13. Because the court refused to address the issue, on March 24, 2014, Affiant filed a complaint with the Attorney Grievance Commission of Maryland against Mr. Hillman and the Law Firm of Samuel I. White, P.C. for bringing "Fraud Upon the Court," which is a violation of the Rules of Professional Conduct. The file Number for this complaint is 2014-0512. The compliant is currently under investigation.

14. After leaving the copy room, Mr. Barranco went back on the record and stated, "...I like to state for the record that Ms. McCray was with us at all times and Mr. Hillman was with me as well when we went to the copy machine and made these copies and that we copied all of the contents of the file as well as the outside jacket of the file. I also like to state for the record that Ms. McCray accused Mr. Hillman of creating a small rip up in the upper left hand corner of page 3 of the promissory note where a staple would have gone over the years I guess. I would just like to state my specific recollection prior to the deposition and during the deposition that there were always a little rip up in that corner but in any event it doesn't affect any part of the printed document. It makes no difference but Ms. McCray is making these allegations..."

15. Affiant then stated, "...I am stating for the record that the two documents that I examined on March 20th and just now in this room did not have a rip on it. I looked at the last page each time, so I don't understand why all of a sudden this last page have a rip. It didn't have one."

16. Mr. Hillman then stated, "for the record, I would like to state my name is Robert Hillman and that Ms. McCray was in the room when I took the staple out of the promissory note...and I have been in possession of the original promissory note throughout the entire trans...the original deposition today and the transaction and the photocopy is the exact copy of the document that was at the deposition today, it has not been altered or replaced at all."

17. Affiant disputed Mr. Hillman on the record when he stated Ms. McCray was in the room when, "I removed the staple out of the promissory note." Affiant stated, "I did not see you take the staple out of the promissory note..." Affiant continued on the record, "The last page did not have that rip in it. I examined it today and I examined it on the 20th." Affiant distinctly recalls the staple was removed *before* Mr. Hillman entered the room.

19. After leaving the office and examining the copies that were given to Affiant, Affiant recalled that when she first examined the folder during the deposition, it had affixed with staples two pieces of paper on the front of the folder. The copy of the front of the folder that was given to Affiant does not display the two pieces of paper. They have been removed. Affiant was not given a copy of the two pieces of paper that were affixed to the folder when she first

3

examined it during the deposition. Affiant is stating that in addition to the copy of the note being different from the one she examined during the deposition, the fact that the two pieces of paper that were clearly on the front of the folder prior to copying and are now missing from her copies shows there are discrepancies with these documents.

I, Renee L. McCray, Affiant being of sound mind, having first-hand knowledge, affirm, state and declare that the facts contained herein are true, correct, complete and not misleading, under penalties of perjury.

AND FURTHER AFFIANT SAITH NOT.

Signed: _____  
Renee L. McCray, Affiant

Date: 4/25/14

## JURAT

State of Maryland  }  
                   } ss:  
City of Baltimore  }

Subscribed and sworn to (or affirmed) before me on this __25__ day of __April__ 2014 by Renee L. McCray, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____  
Notary

(seal)

My Commission expires: __10/3/2014__

4

MCCRAY v. WELLS FARGO BANK, N.A.
Adversary No. 13-00710

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Affidavit for the Record April 24, 2014 Deposition Hearing Incident will be sent to the parties listed below by USPS First Class Mail.

Michael S. Barranco
TREANOR POPE & HUGES, P.A.
500 York Road
Towson, Maryland 21204

Robert H. Hillman
611 Rockville Pike
Suite 100
Rockville, MD 20852

Charles R. Goldstein, Trustee
1 East Pratt Street
Suite 800
Baltimore, Maryland 21202

Dated: April 25, 2014

*Renee L. McCray* (signature)

Renee L. McCray

1