Date signed September 29, 2014



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at BALTIMORE

| | | |
|---|---|---|
| In Re: | * | |
| RENEE L. MCCRAY | * | Case No.   13-26131 NVA |
| | * | Chapter   7 |
| | * | |
| Debtor(s) | * | |
| ************************************ | * | |
| RENEE L. MCCRAY | * | |
| | * | |
| | * | |
| Plaintiff(s) | * | |
| vs. | * | Adversary No.   13-00710 NVA |
| WELLS FARGO BANK N.A. | * | |
| JOHN DOES 1-20 | * | |
| | * | |
| Defendant(s) | * | |

### BANKRUPTCY COURT'S PROPOSED FINDINGS AND CONCLUSIONS IN SUPPORT OF DISMISSAL OF AMENDED COMPLAINT

The Court has for its consideration the Plaintiff's Complaint instituting the above-captioned adversary proceeding (the "Complaint"). Wells Fargo Bank, N.A. ("Wells Fargo or the "Defendant"), the only named defendant upon whom service of process was certified, filed a Motion to Dismiss [doc.

1

34] the Complaint, as amended. Renee McCray, the plaintiff and debtor herein (the "Plaintiff or "Ms. McCray") filed an Opposition [doc. 40] thereto.  The Court held a hearing to consider the Complaint and the Motion to Dismiss on May 15, 2014.  For the reasons set forth herein, the Complaint should be dismissed for Plaintiff's lack of standing.   Alternatively, the Complaint which is rambling and incomprehensible, fails to state a claim.[1]  In accordance with 28 U.S.C. § 157, this Court hereby submits its proposed findings and conclusions.

**Background**

On September 23, 2013, Ms. McCray filed a petition for relief under Chapter 13 of the Bankruptcy Code.  On January 31, 2014, the Bankruptcy Court entered an Order [doc. 43] converting this case to a case under chapter 7 of the Bankruptcy Code upon the request of Ms. McCray.  Charles Goldstein (the "Trustee") has been appointed the chapter 7 trustee for this case, has qualified and is acting in that capacity.

In her original Schedule A [doc. 11] (real property), filed on October 7, 2013,  Ms. McCray lists an interest in real property at 109 N. Edgewood Street, Baltimore, Maryland 21229 that serves as her current residence (the "Property").  She  valued the Property at $87,800.00 and did not list any entity as having a security interest in the Property.  On March 18, 2014, Ms. McCray  amended her schedules [doc. 55] and assigned a value of $43,000 to the Property.  She continued to assert that no entity had a security interest in the Property.

**The Motion for Relief from Stay**

On January 31, 2014, Wells Fargo filed a Motion for Relief from Stay, asserting that it was entitled to enforce an existing security interest in the Property. Wells Fargo asserted that, as of January 31, 2014, Ms. McCray, the borrower,  had missed 21 payments and the unpaid principal balance due

---

[1] This alternative holding has no effect against any party, such as the trustee, who might wish to pursue a cause of action against this defendant.

2

under the note was $59,618.00 (as of the date of the filing of the motion).  After a full day evidentiary trial, the Bankruptcy Court announced that it would grant Wells Fargo's Motion for Relief from Stay for the reasons set forth in an oral ruling placed on the record at the conclusion of the hearing.

**The District Court Case, *McCray v. Federal Home Mortgage Corp., et al*, GLR-13-1518**

On May 23, 2013, Ms. McCray filed a complaint in the United States District Court for the District of Maryland (the "District Court Action") against Wells Fargo and several other named defendants (collectively, the "Defendants") alleging that the Defendants attempted to foreclose on the Property without proving they had a legal right to do so.  Her causes of action were brought pursuant to various statutes including the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*., the Maryland Fair Debt Collection Act, Md. Code Ann., Com. Law §§ 14-201 *et seq*., the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 *et seq*., the federal Truth in Lending Act, 15 U.S.C. § 1641 (g), and the federal Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et. seq*.

On January 24, 2014, (during the pendency of this  bankruptcy case), the District Court (Russell, J.) issued its memorandum opinion in support of its Order Granting (in part) the Defendants' Motion to Dismiss  (the "District Court Opinion").   The District Court Opinion pointed out that "McCray does  not  directly challenge the  foreclosure proceeding  itself, currently pending in the Circuit Court  for Baltimore City,  Maryland,  on any grounds.   She challenges only the Defendants' legal right to foreclose without  having established  ownership of the Note." *District Court Opinion* at *2. The District Court dismissed all of the causes of action against all of the Defendants other than leaving the door open for Ms. McCray to recover very circumscribed damages against Wells Fargo for its failure to respond timely to McCray's Qualified Written Requests for Information.[2]   The

---

[2] The District Court concluded that Ms. McCray sufficiently alleged out-of-pocket expenses in the nature of sending certified mail, traveling to the post office, copying documents and researching

3

District Court Opinion is currently on appeal to the Fourth Circuit. Ms. McCray represented herself in that action[3], as she did in the Bankruptcy Court.

As part of her bankruptcy case, Ms. McCray listed the District Court Action as "exempt" on her Schedule C (exemptions). *See* [doc. 55]. The Bankruptcy Court initially questioned whether this adversary proceeding was really part of the District Court action and therefore already adjudicated. The Bankruptcy Court determined, and both Ms. McCray and Wells Fargo agreed on the record, that the District Court case is separate and distinct from the instant adversary proceeding.

### The Instant Adversary Proceeding

On November 12, 2013, Ms. McCray instituted this adversary proceeding by filing the Complaint [doc. 1]. The Bankruptcy Court subsequently granted Ms. McCray leave to amend her complaint and she filed an Amended Complaint [doc. 33] on March 24, 2014 (the "Amended Complaint"). The Amended Complaint contains three claims, each of which is grounded upon Ms. McCray's assertion that Wells Fargo does not have the right to enforce a security interest against the Property.[4] The Complaint is rambling and difficult to decipher, but as best can be determined, Plaintiff seeks: (1): injunctive relief enjoining all parties from foreclosure of the Property, (2) declaratory relief regarding the rights and obligations of the parties, including a determination of the validity and nature of the Defendant's interest in the Property, and (3) declaratory relief that Wells Fargo does not have standing to file a proof of claim.

### Plaintiff Lacks Standing to Bring the Complaint

When a chapter 7 bankruptcy case is filed (or when a case is converted to a chapter 7 case), all of the debtor's interests in any cause of action that accrued prior to the filing of the bankruptcy petition

---

information. *District Court Opinion at* 32.
[3] That action was dismissed by the Fourth Circuit on June 30, 2014.
[4] Although her schedules reflect that the Property is unsecured, Ms. McCray admitted during a hearing on the Motion for Relief from Stay that she signed a Note secured by the subject Property.

4

become part of the bankruptcy estate. *Dennis v. Bank United*, 2011 WL 4024814 (D.Md. 2011) (Chasanow, J.), *citing Miller v. Pacific Shore Funding,* 287 B.R. 47, 50 (D. Md. 2002). Any lawsuit that was, or could have been, initiated by a chapter 7 debtor prior to the filing of the petition becomes part of the bankruptcy estate and is subject to the direction and control of the trustee (unless exempted or abandoned). *Dennis, supra, citing In re Bailey*, 306 B.R. 391 (Bankr. D.D.C. 2004). Once a claim has become part of the bankruptcy estate, the chapter 7 trustee, as the representative of the estate, is the sole party with standing to bring the claim. *Miller,* 287 B.R. at 50.

In this case, it appears that the causes of action alleged in the Amended Complaint are based on pre-petition loans secured by the Property. Additionally, Ms. McCray stated on the record at the hearing on this matter that her claim in this adversary proceeding arose pre-petition. Accordingly, because the claims in the Adversary Proceeding arose pre-petition and are distinct from the District Court Action, the Chapter 7 Trustee is the sole party vested with authority to bring these causes of action. Because Ms. McCray does not have standing to prosecute these causes of action, the Amended Complaint should be dismissed.

### Plaintiff Fails to State a Claim

As an alternate and independent ground supporting dismissal of the Amended Complaint, Ms. McCray fails to state a claim upon which relief can be granted. The purpose of a motion to dismiss filed pursuant to Federal Rule 12(b)(6) is to test the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231 (4th Cir. 1999). The complaint itself must demonstrate "entitlement to relief" that consists of more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on

its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950. [5]

Ms. McCray's assertions, in the District Court Action, in this adversary proceeding and as a defense to the Motion for Relief from Stay, revolve around a common core -- Ms. McCray believes that Wells Fargo is not a holder of the note and/or does not have the right to enforce the promissory note that it clearly holds. The basis for Ms. McCray's position is not entirely clear, but she seems to believe that Wells Fargo does not validly hold the note that it got from the predecessor lender or that the original note has not been (but must be) produced or that something is ineffective about the endorsement. However, Wells Fargo has certified in the Circuit Court for Baltimore City that it possesses the promissory note signed by Ms. McCray in connection with the Property and that the Note has been duly endorsed over to Wells Fargo. The note contains a special endorsement from American Home Mortgage (the undisputed originator of the loan) to Wells Fargo, and a general endorsement by Wells Fargo. Wells Fargo is the holder of the note and is entitled to enforce it.

Under Maryland law, a promissory note is a negotiable instrument governed by the Uniform Commercial Code (as enacted in Maryland) and the rights under an associated deed of trust travel with the note. *Deutsche Bank Nat. Trust v. Brock*, 430 Md. 714 (2013). Under Md. Code Com.Law § 3-301 a "holder" is the person in possession of a negotiable instrument. This is distinct from the "owner" of a note. As the Comment to Md. Code Com.Law § 3–203 states, "[t]he right to enforce an instrument and ownership of the instrument are two different concepts." The holder of a note is "entitled to enforce the instrument even [if it is] not the owner of the instrument or is in wrongful

---

[5] Fed. R. Civ. P. 12(d) provides that, on a motion brought under Rule 12(b)(6), if matters outside the pleadings are presented to the court, the motion must be treated as one for summary judgment under Rule 56. However, documents referenced in the complaint may be considered in connection with a motion to dismiss. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Youssefi v. Renaud*, 749 F.Supp.2d 585, 590-591 (D. Md. 2011). In addition, a federal court may take judicial notice of documents from state court proceedings (and other matters of public record) in conjunction with a Rule 12(b)(6) motion without converting it to a motion for summary judgment. *See Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted).

possession of the instrument." *Id*. at § 3–301." Accordingly, Wells Fargo is the holder, has authority to enforce the note, and the Amended Complaint fails to state a claim.

Accordingly, upon consideration of the foregoing, it is hereby ORDERED that the Amended Complaint [doc. 33] is hereby Dismissed.


cc: All Parties
      All Counsel

End of Order